ROBERT SIBILIA S.B.N. 126979
Oceanside Law Center
P.O. Box 861
Oceanside, CA 92049
Tel: (818) 478-8205
Fax: (818) 698-0300
Email: robert@oceansidelawcenter.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BRANDON MINCEY, on behalf of himself and all other similarly situated consumers,**<br><br>**Plaintiff,**<br>vs.<br><br>**ONE NEVADA CREDIT UNION,**<br><br>**Defendant.** | Case No.<br><br>**COMPLAINT FOR**<br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq.*<br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE § 1788.17** *et seq.* |

**PLAINTIFF'S PETITION**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, Brandon Mincey ("Plaintiff") files this Original Petition complaining of Defendant, One Nevada Credit Union for a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, CC § 1788.17 *et seq.* (hereinafter "RFDCPA") and in support thereof would show the Court as follows:

**JURSIDICTION AND VENUE**

1. Plaintiff brings this action under the FDCPA, a federal statute, thereby invoking jurisdiction pursuant to 28 U.S.C. §1331. Plaintiff also asserts supplemental jurisdiction under 28 U.S.C. §1367.

2. Venue is proper in this District under 28 U.S.C. 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and/or because the Defendant is subject to personal jurisdiction in this district.

## PARTIES

3. Plaintiff is a natural person, who at all relevant times has resided in Anaheim, California.

4. Defendant One Nevada Credit Union ("ONCU" or "Defendant") is a corporation doing business in the State of California, with its corporate address as 2645 S. Mojave, Las Vegas, NV, 89121, and is "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

1. The FDCPA was enacted to prevent debt collectors from engaging in abusive tactics in order to collect debts from generally unsophisticated consumers.

2. The RFDCPA prohibits the same conduct that is prohibited under the FDCPA.

3. One type of conduct in particular which Congress sought to prevent is the pursuit by debt collectors in collecting extra fees from the consumer.

4. On or around July 26, 2022, Plaintiff made a payment to ONCU in the amount of $173.23.

5. This amount included a $10.00 convenience fee.

6. This was an illegal collection fee.

7. California law does not expressly authorize a convenience fee.

8. Further, upon information and belief, the contract between Plaintiff and the original creditor does not expressly authorize a convenience fee.

9. Accordingly, Defendant's illegal collection of its collection fee violates the FDCPA.

10. Not only has Defendant violated the FDCPA by charging an illegal collection fee, Defendant has also intentionally misrepresented that fee as a processing fee. Upon information and belief, Defendant misleads consumers on these fees so that there is less push back from the consumer after hearing of an additional collection fee being charged.

## CLASS ACTION ALLEGATIONS

### The Class

11. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

12. Plaintiff seeks certification of the following class, initially defined as follows:

**The FDCPA Class: All consumers in the United States that paid a convenience fee to Defendant for payments for personal, household, or family debts within one year prior to the filing of this complaint.**

**The RFDCPA Class: All consumers with a California address that paid a convenience fee to Defendant for payments for personal, household, or family debts within one year prior to the filing of this complaint.**

13. Excluded from the Classes is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

**Numerosity**

14. Upon information and belief, Defendant has collected convenience fees from hundreds if not thousands of consumers throughout the United States and California, each of which violates the FDCPA and RFDCPA respectively. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

15. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**Common Questions of Law and Fact**

16. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA and RFDCPA; (ii) whether the Plaintiff and the Classes have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Classes have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Classes are entitled to declaratory and/or injunctive relief.

**Typicality**

17. The Plaintiff's claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiff's Class defined in this complaint have claims arising out of the

Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### **Protecting the Interests of the Class Members**

18.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19.     Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### **Proceeding Via Class Action is Superior and Advisable**

20.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

21.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

22.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

23.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiffs' Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

25. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

26. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

27. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692 *et seq.***

28. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

29. Defendant's false and deceptive representations to the credit reporting agencies in attempt to collect an alleged debt from Plaintiff violates the below provisions of the FDCPA.

30. Section 1692e provides:

> § 1692e. False or misleading representations
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...
>
> (2)    The false representation of—
>
> (A) the character, amount, or legal status of any debt; or
>
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

31. Section 1692f provides:

> § 1692f. Unfair Practices
>
> (1)    The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

### COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE § 1788.17 *et seq.*
### BY DEFENDANT

30. Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

31. The Rosenthal Act, California Civil Code § 1788.17, requires every creditor attempting to collect a consumer debt to comply with the provisions of "Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code."

32. Defendant's collection attempts of the alleged debt violate 15 U.S.C. §§ 1692e, e(2), e(10), and 1692f, and thereby also violate the Rosenthal Act, California Civil Code §§ 1788.17, as well as any other applicable provisions.

33.     As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff respectfully request that this Court do the following:

A.  Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B.  Enter judgment against Defendant for statutory damages and actual damages for each named Plaintiff and each member of the class;

C.  Award costs and reasonable attorneys' fees;

D.  Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

34. Plaintiff demands a jury trial on all issues so triable.

Dated this 20th day of June, 2023.

Respectfully Submitted,

/s/ *Robert Sibilia*

ROBERT SIBILIA S.B.N. 126979
Oceanside Law Center
P.O. Box 861
Oceanside, CA 92049
Tel: (818) 478-8205
Fax: (818) 698-0300
Email: robert@oceansidelawcenter.com
Attorney for Plaintiff